**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.L. and C.S.**

**No. 21-1025** (Roane County 21-JA-29 and 21-JA-42)

**MEMORANDUM DECISION**

Petitioner Mother E.S., by counsel Erica Brannon Gunn, appeals the Circuit Court of Roane County's December 8, 2021, order terminating her parental rights to C.L. and C.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee A. Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Leslie L. Maze, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion and clearly erred in terminating her parental rights without first granting her an improvement period and in failing to require the DHHR to file a family case plan prior to the dispositional hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2021, the DHHR filed an amended child abuse and neglect petition to include allegations that petitioner's substance abuse negatively affected her ability to parent the children.[2] The DHHR alleged that during the abuse and neglect proceedings that were pending

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner was an adult respondent prior to the DHHR amending the petition, and she was considered a "nonabusing parent" until the amendment. Accordingly, she was a party to the

(continued . . .)

against the children's father, petitioner was asked to provide a urinalysis drug screen sample. According to the DHHR, petitioner failed to produce a urine sample but admitted that she would test positive for unprescribed buprenorphine. The circuit court ordered petitioner to submit to an oral drug screen, and the results were positive for methamphetamine, amphetamine, and buprenorphine. Petitioner failed to appear for two scheduled preliminary hearings in August of 2021. On August 9, 2021, the circuit court ratified the emergency removal of the children from petitioner's care.

The circuit court held an adjudicatory hearing in September of 2021. Initially, petitioner did not appear, and the DHHR presented evidence related to the petition. The court heard testimony that petitioner "submitted positive drug screens," that service providers were unable to contact her, and that she had not participated in supervised visitation with the children. Petitioner appeared following the presentation of this testimony and indicated her desire to stipulate to the allegations in the petition and admit that her substance abuse negatively affected her ability to parent. The circuit court accepted petitioner's stipulation and adjudicated petitioner as an abusing parent. Thereafter, petitioner filed a motion for a post-adjudicatory improvement period.

In October of 2021, the circuit court held a dispositional hearing, to which petitioner appeared. Relevant to petitioner's appeal, the DHHR had not filed a family case plan or a motion to terminate petitioner's parental rights prior to the hearing but had held multidisciplinary treatment team meetings to discuss the proceedings. The circuit court heard testimony from the probation officers ordered to obtain drug screen samples from petitioner, petitioner's service provider, petitioner's stepmother who was also the guardian of one of petitioner's children who is not at issue on appeal, and petitioner herself.

According to the court's order, petitioner testified that she was willing to participate in drug treatment "if she can get there, as transportation [was] an issue." She asserted that she was participating in parenting classes and requested in-home drug screening due to her transportation issues. The court noted that petitioner provided a sample for drug screening prior to the hearing, which the probation officer observed was diluted and "appear[ed] to have water in the sample." Petitioner testified that she did not know how this occurred, but suggested that any contact between the specimen cup and the toilet water was accidental due to the proximity of the water in relation to the cup. The circuit court recalled that at a prior hearing, petitioner testified that she "ha[d] a medical condition that result[ed] in her only hav[ing] to urinate once in two (2) days." During the October 2021 hearing, petitioner testified that she was clean from all substances, including her prescribed blood pressure medication that she previously attributed to her inability to provide urine samples for testing. Finally, petitioner testified that she was in a relationship with C.B., an individual that she "was hesitant to name" during the proceeding. She asserted she had no knowledge of his criminal history. The DHHR moved the court to take judicial notice of

---

action prior to the amendment of the petition, was appointed counsel, and provided the opportunity to present evidence and cross examine witnesses. *See generally* W. Va. Code § 49-4-601.

C.B.'s current criminal proceedings in Kanawha County, including details that C.B. was a convicted felon and "ha[d] been ordered into drug treatment."

The evidence showed that petitioner began participating in parenting and adult life skills on a weekly basis after the adjudicatory hearing in September of 2021. Petitioner's service provider opined that petitioner was benefiting from services and appeared motivated to learn. Further, she testified that she could provide in home drug screening if ordered by the court.

Petitioner's stepmother, the guardian of one of petitioner's children not at issue on appeal, C.F., testified that she and her husband sought guardianship over C.F. because the child was not attending school regularly and was "always dirty" while with petitioner. The stepmother also testified that C.F. disclosed that his father and petitioner fought in the home. Finally, the stepmother testified that she did not believe petitioner was living with family, as petitioner testified, because that family member asked to see C.F. and, upon the stepmother's questioning, asserted that petitioner was not living in the residence.

Two probation officers testified as to their attempts to obtain valid urine samples from petitioner. The evidence showed that two drug screens were attempted on the day of the dispositional hearing. The first drug screen specimen cup was "dripping with toilet water" and discarded because the probation officer "knew it was compromised." When asked whether there was a "reoccurring problem" with women dripping specimen cups in toilet water while providing a urine sample, the probation officer stated, "Honestly, no." She explained that she attempted to administer another drug screen approximately two-and-one-half hours later, but petitioner was unable to provide a sample. The second probation officer testified that when she collected a urine sample from petitioner in September of 2021, the specimen "failed to register any temperature" because it was too cool. The officer explained that this caused "a concern that perhaps the specimen was not truly her specimen from her body." Nevertheless, the specimen provided was positive for methamphetamine. The officer also testified that she requested petitioner provide a second sample, but petitioner stated that she was experiencing symptoms of COVID-19 and left to be tested for the virus. This officer was also asked whether women sometimes dip cups in toilet water while providing urine specimens, and she responded, "No, not typically, not in my experience." Following the conclusion of testimony, the circuit court requested the parties provide proposed findings of fact and conclusions of law, which it received in early November of 2021.

Prior to the court entering a final order regarding disposition, petitioner filed a motion to "reopen evidence relative to disposition" in late November of 2021. Petitioner proffered that she entered inpatient substance abuse rehabilitation following the October of 2021 dispositional hearing.

In December of 2021, the circuit court held a decision conference and addressed petitioner's motion. Petitioner asserted that she had "completed an inpatient drug treatment program," which she clarified was "a detox[ification] program," and sought additional treatment upon completion. The DHHR and guardian both objected to petitioner's motion, citing evidence from the prior hearing that petitioner failed to comply with services offered by the DHHR and had attempted to alter her drug screening samples. Petitioner acknowledged said "dishonesties"

3

and argued her actions were a product of active addiction. The circuit court denied the motion to "reopen evidence," stating that it could not overlook the "multiple deceptions to this [c]ourt."

The circuit court found that "[i]t was obvious to the [c]ourt that [petitioner] . . . made a conscious effort to avoid detection of drug usage" and that she continued to use drugs during the pendency of these proceedings. Additionally, the court determined that petitioner's testimony regarding her new relationship with C.B. and her purported lack of knowledge of his criminal history was not credible. The court found that her testimony in that regard was "but another instance where [petitioner] . . . attempt[ed] to mislead the [c]ourt." Considering petitioner's recent drug treatment, the court found that "it does not appear that [petitioner] ha[d] demonstrated full acceptance of her responsibility for her actions which caused the filing of the petition."

Ultimately, the circuit court denied petitioner's motion for an improvement period, considering petitioner's failure to accept responsibility for her drug addiction and her attempts to avoid accurate drug screening as indications that she was not likely to fully participate in an improvement period. The court concluded that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that it was necessary to terminate petitioner's parental rights to the children. Accordingly, the circuit court terminated petitioner's parental rights to the children by its December 8, 2021, order. Petitioner now appeals that order.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[3]The father's parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption by a relative.

On appeal, petitioner argues that the circuit court abused its discretion and clearly erred in terminating her parental rights.[4] Petitioner argues that the circuit court erred in finding that she was not likely to fully participate in an improvement period and in finding that she did not acknowledge her substance abuse problem. According to petitioner, she testified that she was willing to participate in substance abuse treatment at her October of 2021 dispositional hearing and began substance abuse treatment thereafter. Petitioner also argues that there was no evidence presented that any harm would be caused to the children if she were granted an improvement period. Finally, petitioner asserts that the DHHR failed to file a family case plan as required, and the circuit court erred in proceeding to disposition prior to the filing of a family case plan.

Notably, petitioner's appeal falls woefully short of complying with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, as she has failed to provide a single citation to the record. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Critically, this Rule also provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." *Id*. As we have mentioned, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted).

Nevertheless, upon our review of the record, we find no error with the circuit court's denial of petitioner's motion of a post-adjudicatory improvement period and in terminating petitioner's parental rights. In order to be granted a post-adjudicatory improvement period under West Virginia Code § 49-4-610(2)(B), the parent must first "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period and the court further makes a finding, on the record, of the terms of the improvement period." "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015); *see also In*

---

[4]In addition to the assignments of error that petitioner set forth, she levies additional allegations of error. Petitioner argues that the circuit court abused its discretion in requiring her to drug screen prior to the petition's filing; in permitting the DHHR to present evidence in support of the termination of her parental rights before the DHHR filed a notice of intent to terminate her parental rights; in denying her motion "to reopen evidence" regarding her disposition; and in denying her improvement period. However, petitioner failed to provide any citation to legal authority or to the appellate record to support these assertions, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which permits this Court to disregard these errors on appeal. Moreover, petitioner fails to pinpoint where these alleged errors were raised below. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, these unsupported arguments will not be addressed.

*re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (holding that a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely).

Here, petitioner failed to demonstrate that she was likely to fully participate in a post-adjudicatory improvement period. The circuit court heard evidence that petitioner failed to fully participate in the services offered by the DHHR, including supervised visitations with the children. More concerning to the circuit court, it found that petitioner made a conscious effort to conceal her drug usage; this included petitioner providing incredible excuses to avoid providing a urine sample for drug testing, providing urine that was likely not her own, and sabotaging her own urine samples. Clearly, petitioner's admitted "dishonesties" damaged her credibility before the circuit court, and we have no cause or authority to reconsider that credibility determination. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

Additionally, the circuit court found that petitioner had not demonstrated full acceptance of her responsibility for her actions, which caused the filing of the petition. This Court has held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). While petitioner challenges this finding on appeal, she does not cite to any evidence to the contrary, and we find no error in this finding. Because petitioner failed to fully accept responsibility for her parenting deficits, failed to fully participate in services, and attempted to deceive the court regarding her drug screens and drug use, the circuit court correctly denied petitioner's motion for a post-adjudicatory improvement period.

Further, we find no error in the circuit court's termination of petitioner's parental rights to the children. Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(d) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the "abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." The evidence detailed above fully supports the circuit court's finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. There was no likelihood that petitioner would fully participate in services, and, even if she participated, her failure to accept responsibility for her parental shortcomings was a substantial barrier to an improvement

6

period. Petitioner identifies no evidence to persuade this Court that the circuit court's findings below are clearly erroneous. Accordingly, we find no error in this regard.

Finally, regarding the DHHR's failure to file a family case plan prior to the dispositional hearing, this Court has held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). The filing of a family case plan prior to the dispositional is required by West Virginia Code §§ 49-4-408 and 49-4-604 and Rule 28 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings.

Petitioner's alleged prejudice from the DHHR's failure to file the case plan is that she was not on notice that the DHHR sought to terminate her parental rights. However, the circuit court explicitly found that "all parties were sufficiently apprised of the others' positions, particularly from attendance at [multidisciplinary treatment team] meetings and communication between the professional lawyers. All parties were aware of the other positions ahead of the disposition hearing, and no one was surprised by the motions made by each side." While the DHHR failed to comply with the statutory requirement to file a family case plan, petitioner was clearly apprised of the DHHR's position regarding her parental rights. Under the specific circumstances of this case, we find petitioner was not prejudiced by the DHHR's failure to file a case plan, and the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes was not so substantially disregarded or frustrated that vacation of the dispositional order is warranted. Petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 8, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: May 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

7